IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| H. CLARK CARBAUGH and ELIZABETH D. CARBAUGH, | § § | No. 288, 2014 |
| | § | |
| Plaintiffs Below-Appellants, | § § | |
| | § | |
| v. | § | Court Below: Court of Chancery |
| | § | of the State of Delaware, |
| WOODS ON HERRING CREEK HOMEOWNERS ASSOCIATION and SUSSEX COUNTY COUNCIL, | § § § | C.A. No. 8715-VCN |
| | § | |
| Defendants Below-Appellees. | § § | |

Submitted: November 21, 2014
Decided: January 14, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VAUGHN**, Justices.

## **O R D E R**

This 14th day of January 2015, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)  The plaintiffs-appellants, Clark and Elizabeth Carbaugh ("the Carbaughs"), filed this appeal from the Court of Chancery's order, dated April 29, 2014, dismissing their complaint on the ground that it was barred by the doctrine of laches.  After careful consideration, we find no merit to the appeal.  Accordingly, we affirm the Court of Chancery's judgment.

(2)     Clark Carbaugh was the president of Utility Systems, Inc. ("USI"). USI entered into an agreement in 1985 to provide wastewater disposal services to the Woods on Herring Creek community ("WOHC").  Problems arose with the wastewater disposal system ("the System") during the 1990s, and the residents of WOHC were not willing to fund the necessary improvements.  In 2003, the Carbaughs loaned USI almost $250,000 to meet the costs of improving the System. They were not repaid by USI.  In May 2004, the Homeowners Association for WOHC ("the Association") took over the System and refused to make further payments to USI.[1]  USI, through counsel, filed a complaint against the Association in 2004, alleging conversion and breach of contract, among other things.  In 2005, the Delaware Public Service Commission found that USI had abandoned the System and imposed significant penalties.[2]  In 2006, USI filed for bankruptcy protection.  The bankruptcy Trustee eventually abandoned as worthless all of USI's wastewater treatment systems.[3]  In 2008, the Association transferred the system at no cost to Sussex County.  In 2011, Sussex County incorporated the System into the Angola Neck Sanitary Sewer District.

---

[1] A detailed discussion about the relationship between USI and the Association can be found in the Court of Chancery's opinion in *Public Serv. Comm'n v. Util. Sys., Inc.*, 2010 WL 318269 (Ch. Ct. Feb. 18, 2010).

[2] *Id.*

[3] *Id.*

(3)     In July 2013, the Carbaughs filed a complaint in the Court of Chancery against the Association and Sussex County seeking restitution damages in excess of $400,000 under the equitable doctrines of quantum meruit and unjust enrichment.  The Court of Chancery dismissed the complaint, finding it time-barred under the doctrine of laches.  This appeal followed.

(4)     The gist of the Carbaughs' argument on appeal is that the Court of Chancery erred in considering either 2004 (when the Association took over the System) or 2008 (when the System was transferred to Sussex County), as the only appropriate dates for determining whether the Carbaughs' claims were time-barred. The Carbaughs assert that their cause of action against Sussex County for unjust enrichment did not accrue until July 1, 2011, when Sussex County incorporated the System into a new sewer district.  They argue that, because they filed their complaint within two years of July 1, 2011, the defendants did not have a valid basis to assert laches as a defense.

(5)     We disagree.  Laches is an equitable defense that requires proof of three things:  knowledge by the plaintiff; unreasonable delay in asserting a claim; and resulting prejudice to the defendant.[4]  In this case, the Carbaughs loaned $250,000 to USI in 2003 to fund improvements to the System.  In 2004, the Association took over the System from USI and refused to make further payments

---

[4] *Osborn v. Kemp*, 991 A.2d 1153, 1162 (Del. 2010).

3

to USI. USI filed a lawsuit against the Association in 2004 seeking recovery of the same money that is at issue in the current lawsuit.[5] The Carbaughs were aware of their own potential claim against the Association in 2004, when the Association took over the System. Neither the Association's transfer of the System to Sussex County in 2008 nor Sussex County's incorporation of the System into a new sewer district in 2011 restarted the time period for determining the reasonableness of the Carbaughs' delay in asserting their claim to recoup funds they loaned USI to improve the System in 2003. Under the circumstances, we find no error in the Court of Chancery's ruling that the Carbaughs' complaint was barred by laches.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Court of Chancery is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*
Chief Justice

---

[5] USI sought bankruptcy protection in 2006, and its lawsuit against the Association ultimately was closed in 2011 for failure to prosecute.